## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SOPHIA KIWANUKA,

        Plaintiff,

v.

ANNE MARGRETH BAKILANA and
RAYMOND D. RWEHUMBIZA,

        Defendants.

Case No. 1:10-cv-01336-RCL

JURY TRIAL DEMANDED

## PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

### AND

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiff Sophia Kiwanuka, through undersigned counsel, hereby replies to Defendants' Opposition to Plaintiff's Motion to Compel ("Defendants' Opposition") (ECF No. 16) and opposes Defendants' Motion for Protective Order ("Motion for Protective Order") (ECF No. 17).

## INTRODUCTION

There are proper methods under the Federal Rules of Civil Procedure for avoiding discovery.  A party may seek a protective order before discovery responses are due.  A party may request that the Rule 26(f) conference be held only after a ruling on a dispositive motion.  A party may negotiate an extension on discovery requests with opposing counsel.  Defendants took none of these steps.

A party may **not** simply refuse to respond to discovery.  Many litigants suffer from the "very limited funds" Defendants claim as their excuse for failing to comply with the rules.

Defs.' Opp'n at 1.   And if the discovery sought were so expensive as to be an undue burden, Defendants were certainly entitled to seek protection from specific requests.  The Defendants had only to articulate why those specific requests qualified as unduly burdensome.   What the Defendants cannot do—and what they have indeed done—is simply refuse to participate.  The Defendants decided to wait for Ms. Kiwanuka to file a Motion to Compel.  A cry of poverty cannot absolve the Defendants of their discovery obligations.

Ms. Kiwanuka seeks only to prosecute her case.  She has sought to keep the case moving forward.  She has done so in the face of significant procedural upheaval and uncertainty. Defendants' unilateral refusal to participate in discovery based on an unsupported assertion of "expense" cannot be justified.  A motion to dismiss does not qualify as an automatic stay.   Ms. Kiwanuka respectfully asks this Court to order Defendants to respond to discovery.

## BACKGROUND

As outlined in Ms. Kiwanuka's Motion to Compel, this dispute concerns discovery requests propounded in this human trafficking suit. Ms. Kiwanuka filed the law suit against Defendants on August 9, 2010, alleging that the Defendants held her in forced labor in their home in the United States.  *See* Complaint (ECF No. 1).  On January 14, 2011, the parties conducted their Rule 26(f) conference and agreed on a proposed scheduling order.  *See* Rule 26(f) Joint Report and Discovery Plan (ECF No. 12).  More than seven months later, on August 25, 2011, Plaintiff served on Defendants her First Request for Documents and her First Set of Interrogatories.  *See* Motion to Compel Exhs. B & C (ECF Nos. 15-3 & -4).

To date, the Defendants have filed no response to Plaintiff's discovery requests.  Rather, counsel for Defendants has issued flat refusals to comply, noting that he "did not agree" to participate in discovery, *see* Defs.' Opp'n Exh. 1 (ECF No. 16-1), that the requests had been sent

"without my consent," *see* Motion to Compel Exh. D (ECF No. 15-5), and that he did not wish to expend resources on discovery while a Motion to Dismiss was pending, *see* Motion to Compel Exh. E (ECF No. 15-6).  Plaintiff's counsel invited Defendants to file for a protective order.  *Id.* Defendants' counsel refused.  Their deadline for responding expired on September 26, 2011.

Defendants' counsel has offered numerous excuses for refusing to comply with discovery obligations.  Defense counsel has ***not*** actually filed a response or a proper objection to Plaintiff's discovery requests.  And while Defendants claim to have "clearly objected to any discovery prior to the dispositive motion to dismiss being ruled upon," Defs.' Opp'n at 1, a desire to avoid discovery coupled with a blanket refusal to participate in discovery are not proper objections under the Rules.   Instead, the Rules require that a party's responses and objections be specific, Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(C); be addressed separately to each individual interrogatory or document request, Fed. R. Civ. P. 33(b)(3) & 34(b)(2)(B); and be signed by an attorney of record, Fed. R. Civ. P. 26(g)(1).  Defendants have not served such responses or objections, and Defendants' counsel's email communications do not even approach compliance with these rules.

In November and December 2011, Ms. Kiwanuka's counsel conferred with Defendants' counsel regarding Defendants' failure to respond to the discovery requests.   Without withdrawing discovery already propounded, Ms. Kiwanuka's counsel suggested that the parties attempt to agree on a new scheduling order.   The parties could not reach agreement.   On December 2, 2011, Plaintiff filed her Motion to Compel (ECF No. 15), and on December 10, 2011, Defendants opposed the Motion (ECF No. 16).  Finally, on December 12, 2011, the Court re-classified Defendants' filing as a Motion for Protective Order (ECF No. 17).  Consequently, this Memorandum serves as a reply to the Defendants' Opposition to Ms. Kiwanuka's Motion to Compel and as an opposition to Defendants' Motion for Protective Order.

## REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO COMPEL

**I.     Defendants Have Failed to File Answers or Objections to Plaintiff's Discovery Requests.**

Defendants claim they have "clearly objected to any discovery," Defs.' Opp'n at 1, and have "sought the Court's assistance" regarding the timing and limits of discovery, *id.* at 3.  They therefore treat the current dispute as if it were limited to the sufficiency of those "objections." But in fact, the issue here is their complete failure whatsoever to serve any objections or other response to properly served discovery.

In responding to interrogatories, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3). And if an interrogatory is subject to an objection, "[t]he grounds for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P. 33(b)(4).  Furthermore, "[e]very discovery request, response, or objection must be signed by at least one attorney of record . . . and must state the signer's address, e-mail address, and telephone number."  Fed. R. Civ. P. 26(g)(1). Finally, "objections to interrogatories . . . shall identify and quote each interrogatory . . . in full immediately preceding the . . . objection thereto."  Local Civ. R. 26.2(d).  Defendants have served no response at all to Plaintiff's First Set of Interrogatories.

Similarly, in responding to a request for documents, "[f]or each item [requested] . . . , the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  As with interrogatories, responses to document requests must be signed, Fed. R. Civ. P. 26(g)(1), and objections must "identify and quote each . . . request in full immediately preceding the . . . objection thereto," Local Civ. R. 26.2(d).  Defendants have served no response at all to Plaintiff's First Request for Documents.

In particular, the informal email and telephone conversations between counsel did not constitute proper responses. These communications did not identify and provide specific objections to Plaintiff's individual interrogatories or document requests, nor were they properly signed and served. Rather, Defense counsel simply issued a blanket, perfunctory refusal to engage in discovery at all or to acknowledge any obligation to respond to Plaintiff's requests. "Such a complete failure strikes at the very heart of the discovery system . . . ." 7 James Wm. Moore *et al.*, *Moore's Federal Practice* § 37.90 at 37-156 (3d ed. 2011).

The fact that Defendants may have harbored objections—regardless of the merit of the objections—did not excuse them from the obligation to identify those objections with specificity, to direct them to individual interrogatories and document requests, to sign them, and to serve them on Plaintiff. "A failure [to serve answers, objections, or written responses] is ***not excused*** on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2) (emphasis added). At the time the Motion to Compel was filed, Defendants had no pending motion for a protective order. And the recently filed Motion for Protective Order comes only in response to the Motion to Compel. It is untimely and is without merit. *See infra* at 9-13.

The Defendants' failure to properly respond to Plaintiff's discovery requests has, in fact, opened Defendants to potentially severe sanctions, up to and including a judgment of default. *See* Fed. R. Civ. P. 37(d)(3) (permitting a 37(b)(2)(A)(vi) sanction of "default judgment against the disobedient party"). Ms. Kiwanuka has not sought such a stiff penalty, but the availability of such remedies illustrates the serious nature of the Defendants' misconduct.

Defendants are mistaken to think that *Dellums v. Powell*, 566 F.2d 231 (D.C. Cir. 1977) is "[s]omewhat helpful to the Defendants." Defs.' Opp'n at 3 n.2. In *Dellums*, the D.C. Circuit

upheld the reinstatement of two plaintiffs who had previously been dismissed for failure to respond to interrogatories.  Critically, the two reinstated plaintiffs had never actually received copies of the interrogatories, "and of course never answered them."  *Dellums*, 566 F.2d at 233. However, a third plaintiff had received the interrogatories but simply chose not to respond to them.  In that instance, the D.C. Circuit held it was ***an abuse of discretion to reinstate that plaintiff***.

> There can be no question that [plaintiff] understood that he was obliged to file answers to defendants' interrogatories and that failure to do so would be grounds for dismissal . . . .  Therefore, if for no other reason than . . . prophylactic considerations . . . [plaintiff's] claims should have been dismissed.

*Id.* at 236.  *Dellums* therefore makes plain the seriousness of Defendants' failure to respond to the discovery requests.  "Rule 37(d) makes it abundantly clear that a party properly served has an absolute duty to respond in some fashion, and that the court . . . may enforce this obligation by imposing potentially severe sanctions."  7 *Moore's Federal Practice* § 37.90 at 37-156.

## II.    Plaintiff's Discovery Requests Were Timely and Appropriate.

In her Memorandum in Support of Motion to Compel ("Plaintiff's Memorandum") (ECF No. 15-1), Ms. Kiwanuka laid out, with appropriate citations to the Federal Rules of Civil Procedure and relevant case law, the ground rules for conducting discovery.  *See* Plaintiff's Memorandum at 3-5.  Defendants have made no effort to rebut any of Plaintiff's arguments or to identify contrary authority.

First, the Federal Rules of Civil Procedure require parties to wait only until their Rule 26(f) conference before commencing discovery.  Fed. R. Civ. P. 26(d)(1); *see also Worrell v. Houston Can! Academy*, 424 F. App'x 330, 337-38 (5th Cir. 2011), *petition for cert. filed*, 80 U.S.L.W. 3282 (U.S. Oct. 18, 2011) (No. 11-518).  And, importantly, the Rule 26(f) conference must be held at least three weeks before the court enters a scheduling order.  Fed. R. Civ. P.

26(f)(1).   Thus, the rules specifically allow discovery to proceed *in advance of a scheduling order*.  Defendants have not acknowledged or addressed this plain feature of the rules.

Second, the mere existence of a motion to dismiss does not automatically stay discovery. As discussed in Plaintiff's Memorandum, the court in *Honor Plastic Industrial Co. Ltd. v. Lollicup USA, Inc.*, No. 1:06-cv-00707, 2006 WL 3097878 (E.D. Cal. Oct. 31, 2006) (ECF No. 15-10), found that a pending motion to dismiss did not constitute "substantial justification" for a party's failure to comply with discovery obligations.  Defendants have not acknowledged this point or even addressed *Honor Plastic Industrial*.

Rather, Defendants rely on the unsupported assertion that their participation in the parties' Rule 26(f) conference somehow absolved them of any discovery obligations.  Defs.' Opp'n at 3.  There is no basis whatsoever for this extraordinary proposition.  While the parties certainly disagreed as to the course of discovery during their Rule 26(f) conference, *see* Rule 26(f) Joint Report and Discovery Plan, simply stating one's preference for delayed discovery does not entitle one to act on that preference in plain defiance of clearly articulated rules to the contrary.  In the absence of a court order providing otherwise, *the normal default rules of discovery prevail*.

Ms. Kiwanuka's discovery requests have satisfied the single time restriction imposed by the rules:  namely, that the requests be propounded only after the Rule 26(f) conference.  The requests are therefore timely.  Defendants' preference for delay is not an adequate justification to avoid the well-established obligation to serve proper responses.

## III.   Defendants' Refusal to Engage in Discovery Has Prejudiced Ms. Kiwanuka.

Defendants point to *dicta* in *Dellums v. Powell*, Defs.' Opp'n at 3 n.2, to argue that Ms. Kiwanuka was not prejudiced by their failure to respond to discovery.  But Defendants' reading

of this case omits a fundamental fact: *Dellums* was a class action.  The testimony and discovery responses of the two plaintiffs who did not receive the interrogatories (and therefore did not respond) would have been cumulative.  *Dellums*, 566 F.2d at 236.  Other members of the plaintiff class did respond, providing defendants with sufficient evidence on the one issue that ultimately went to trial.

Ms. Kiwanuka has no such safety net.  The Defendants in this case hold all of the evidence.  There are no additional defendants to answer the discovery.  The information that Ms. Kiwanuka has requested through discovery is not "cumulative."  And, in light of Defendants' willingness to ignore the Federal Rules of Civil Procedure, Plaintiff's counsel has grave doubts that the Defendants have taken all appropriate measures to preserve the evidence requested.  Defendants' main objection is that discovery is "premature."  It is difficult to fathom how discovery requests propounded more than a year after the filing of a lawsuit might be premature.  Plaintiff fears rather that the responses might come too late.

Defendants' premise—that Ms. Kiwanuka is not prejudiced by their flouting of discovery obligations—is utterly false.  Ms. Kiwanuka filed this case more than sixteen months ago.  She proceeded with discovery, as permitted under the Federal Rules.  Moreover, the prejudice to Ms. Kiwanuka is obvious.  These foreign Defendants, stationed in the United States on temporary visas connected to Ms. Bakilana's employment at the World Bank, may leave the country at any time.  Ms. Bakilana pled guilty to two felony counts in the Eastern District of Virginia in the related criminal case.  Plea Agreement, *United States v. Bakilana*, No. 1:10-cr-00093 (E.D. Va. Mar. 29, 2010).  The Defendants' efforts to stall discovery serve only their interests.  As the months pass, witnesses' memories fade.  Documents "disappear."  Electronic records, without the benefit of a written litigation hold and appropriate preservation steps, auto-destruct.  All of

8

this leaves Ms. Kiwanuka at great risk.  At a minimum, Ms. Kiwanuka requests that the Court

obtain assurances from Defendants' counsel that appropriate preservation efforts have been

made.

Defendants' position also prejudices this court.  As Judge Skelly Wright noted in

*Dellums*:

> If parties are allowed to flout their obligations, choosing to wait to
> make a response until a trial court has lost patience with them, the
> effect will be to embroil trial judges in day-to-day supervision of
> discovery, a result directly contrary to the overall scheme of the
> federal discovery rules.

566 F.2d at 235-36.

These Defendants have chosen to flout their obligations.  Further delay continues to

prejudice Ms. Kiwanuka.  Ms. Kiwanuka respectfully asks that this Court grant her Motion to

Compel.


## OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Shortly after Defendants filed their opposition to the Motion to Compel, the Court re-

characterized it, in part, as a motion for a protective order.  *See* ECF No. 17.  However, as a

Motion for Protective Order, Defendants' filing is fatally defective for two reasons:  (1) it is

untimely; and (2) it is materially deficient.

**I.      Defendants' Motion Is Untimely by More than Two Months.**

"A motion for a protective order is timely if made prior to the date set for producing the

discovery."  *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *see also In re*

*Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 669 F.2d 620, 622 n.2

(10th Cir. 1982) (same); *United States v. Panhandle E. Corp.*, 118 F.R.D. 346, 350 (D. Del.

1988) (same).

Here, Plaintiff served discovery requests on Defendants on August 25, 2011.  Defendants had thirty days to respond, which elapsed on September 26, 2011.  *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A).  Defendants did not file their Motion for Protective Order until December 10, 2011, or roughly two and a half months after their discovery deadline.  Moreover, the Motion was filed ***after*** and ***in response to*** Plaintiff's Motion to Compel.  Even then, it was not clearly identified as a motion for a protective order until the Court on its own initiative designated it as such on December 12, 2011.  Defendants' Motion for Protective Order is therefore clearly untimely.

Further, the "rule for timely filing may be ignored only when there is no opportunity to move for a protective order."  *Panhandle E. Corp.*, 118 F.R.D. at 351.  Of course, Defendants in this case had ample opportunity to move for a protective order.  In fact, Plaintiff invited them to file for a protective order well in advance of the discovery deadline.  *See* Motion to Compel Exh. E (ECF No. 15-6).  Defendants chose instead to persist in thwarting their discovery obligations.

The *Brittain* court also acknowledged that untimeliness may be excused for "good cause."  136 F.R.D. at 414.  In particular, the court found that a party had established "its good faith by showing that it specifically noted the objection and need for a protective order in its response to written discovery."  *Id.*[1]  Here, Defendants have not served any response to Plaintiff's discovery requests and have never previously "noted the . . . need for a protective order."  Rather, they have remained passive, inert, and utterly disengaged from their responsibilities.  There is therefore no basis for excusing their untimeliness "for good cause."

---

[1]  In *Brittain*, the court found "good cause" and permitted the defendant's motion for a protective order to proceed, but nevertheless "adjusted the costs and expenses to take into account and sanction the defendant's dilatory action in requesting a protective order."  136 F.R.D. at 415.

Defendants assert that their request for a protective order is "timely" merely because the rules allow such an order as one possible result of a failed motion to compel. *See* Defs.' Opp'n at 4 (citing Fed. R. Civ. P. 37(a)(5)(B)). But the fact that the rules permit a protective order in certain cases where a motion to compel is denied does not support the argument that protective orders are available in all cases—particularly where, as here, well-established law would hold the Defendants' current Motion patently and unjustifiably untimely.

## II. Defendants Have Not Demonstrated "Good Cause" for a Protective Order.

Not only must Defendants show "good cause" for their tardiness in seeking a protective order, but they must also show "good cause" for the order itself. "Rule 26(c) of the Federal Rules of Civil Procedure requires the party moving for a protective order to demonstrate 'good cause' for limiting the discovery sought." *Jennings v. Family Management*, 201 F.R.D. 272, 275 (D.D.C. 2001). Defendants have failed to meet this burden.

In fact, in the section of their filing addressed to "The Issue of a Protective Order," the Defendants make no argument whatsoever about why a protective order is warranted or appropriate. Rather, they offer only the conclusory statement that "the alternative relief is needed" and a non-sequitur concerning Rule 26(a) disclosures.[2] *See* Defs.' Opp'n at 4.

Elsewhere in their filing, the Defendants assert that, due to "very limited funds," responding to Plaintiff's discovery requests might be "quite overburdensome." *Id.* at 1. They also suggest that the pending Motion to Dismiss (ECF No. 8) may dispose of "most of the

---

[2] Ms. Kiwanuka has not moved to compel Rule 26(a) disclosures, and the issue of the Defendants' failure to make such disclosures is not currently before the Court. However, the Plaintiff does not and has not waived any right to seek such disclosures in the future or to seek sanctions as appropriate for the Defendants' failure to comply with Rule 26(a). Ms. Kiwanuka served her Rule 26(a) disclosures on August 25, 2011, or at the same time as her discovery requests.

Complaint."[3]   *Id.* at 3.   But these unfocused and unsupported conclusions are insufficient to demonstrate "good cause."

For example, in *Panola Land Buyers Association v. Shuman*, 762 F.2d 1550 (11th Cir. 1985), the court held it is an abuse of discretion to grant a protective order when the movant's "recitation of expense and burdensomeness are merely conclusory."  762 F.2d at 1559.  Instead, a movant "must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."  *Jennings*, 201 F.R.D. at 275; *see also Brittain*, 136 F.R.D. at 412 (same).  Here, Defendants have adduced no specific facts regarding the burden or expense of responding to Plaintiff's discovery requests.  Instead, they rely on vague and general assertions that fail to demonstrate good cause.

Moreover, "[t]he mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay" of discovery under Rule 26(c).  *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006).  Here, Defendants refer to the pending Motion to Dismiss but make no effort to explain why its existence entitles them to a protective order.  Rather, their argument is strikingly similar to others previously rejected by the courts:

> Defendants have done no more than to argue in conclusory fashion that their motions to dismiss . . . will succeed . . . .  Idle speculation does not satisfy Rule 26(c)'s good cause requirement. . . . If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions. . . .
>
> Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  ***In fact, such a notion is directly at odds with the need for expeditious resolution of litigation***.

---

[3]   As even a cursory review of the discovery requests submitted to the Defendants will demonstrate, this statement is also factually inaccurate.  Ms. Bakilana was already forced by the criminal court to pay Ms. Kiwanuka, the Plaintiff, more than $41,000 in back wages.  Under the circumstances, it is inappropriate for Defendants to speculate that their motion to dismiss will dispatch with "most" of the Complaint.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (emphasis added).   Thus, Defendants cannot merely cite the pendency of their Motion to Dismiss and expect it to support their Motion for Protective Order.

Defendants have failed to demonstrate good cause for a protective order.   Indeed, they cite not a single case in support of their contention that a protective order is warranted.   At best, they have provided scattered and generic references to alleged burdens and to their Motion to Dismiss.   This is insufficient to meet their burden of offering "specific facts" to support a showing of good cause.   *See Jennings*, 201 F.R.D. at 275.   Ms. Kiwanuka respectfully asks that this Court deny Defendants' Motion for Protective Order.


## <u>CONCLUSION</u>

WHEREFORE, Ms. Kiwanuka respectfully requests that this Court:

(1) GRANT Plaintiff's Motion to Compel; and

(2) DENY Defendants' Motion for Protective Order.

Ms. Kiwanuka also requests that this Court require Defendants to assure Plaintiff that they have preserved the evidence they refuse to produce.   Finally, Ms. Kiwanuka requests that this Court grant an oral hearing on the Defendants' Motion for Protective Order, the related Motion to Compel, and a schedule for the completion of all discovery.

Dated:  December 19, 2011                    Respectfully submitted,

                                    By: /s/ Martina E. Vandenberg
                                          Martina E. Vandenberg (DC Bar No. 476685)
                                          Julie M. Carpenter (DC Bar No. 418768)
                                          Michael W. Khoo (DC Bar No. 997796)
                                          JENNER & BLOCK LLP
                                          1099 New York Ave., N.W., Suite 900
                                          Washington, D.C. 20001
                                          (p) 202-639-6000
                                          (f) 202-639-6066
                                          mvandenberg@jenner.com
                                          jcarpenter@jenner.com
                                          mkhoo@jenner.com

                                          *Counsel for Plaintiff Sophia Kiwanuka*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2011, a true and correct copy of the foregoing Plaintiff's Memorandum in Reply to Defendants' Opposition to Plaintiff's Motion to Compel and in Opposition to Defendants' Motion for Protective Order was electronically filed in compliance with Local Civil Rule 5.4.  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  I further certify that on the same day a true and correct copy of the foregoing was sent via first class mail to Charles F. Chester, Esq., 51 Monroe Place, Suite 707, Rockville, MD 20850.

<u>/s/ Michael W. Khoo</u>
Michael W. Khoo